FILED
United States Court of Appeals
Tenth Circuit

March 7, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

| | |
|---|---|
| JIMMY SEARLES,<br><br>    Plaintiff - Appellant,<br><br>    v.<br><br>L. E. BRUCE, Warden, Hutchinson Correctional Facility; KARIM KHALIL GREEN, Chaplain for KDOC, Hutchinson Correctional Facility; STEVEN DeCHANT, Deputy Warden for KDOC Hutchinson Correctional Facility; WILLIAM CUMMINGS, Deputy Secretary of Corrections for KDOC; FNU LNU, Unknown Security Person,<br><br>    Defendants - Appellees. | No. 07-3265<br><br>(D. Kansas)<br><br>(D.C. No. 01-CV-03379-JTM) |

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **ANDERSON**, and **McCONNELL**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Plaintiff and appellant, Jimmy Searles, a prisoner proceeding *pro se*, appeals the district court's grant of a directed verdict for defendants, employees of the Kansas Department of Corrections, in this 42 U.S.C. § 1983 case alleging a violation of Searles' First Amendment right to freely exercise his religious beliefs.  We affirm.

Searles is a self-proclaimed Orthodox Jew.  In September 2000, while incarcerated at the Hutchinson Correctional Facility ("HCF") in Kansas, Searles requested the provision of an apple, honey and grape juice to permit him to celebrate the Jewish holiday of Rosh Hashanah.  At the time, Karim Khalil Green was the Administrator of the Pastoral Care Department at HCF.  Green testified, as the district court noted and the record demonstrates, that he authorized the provision of an apple, honey and grape juice to Searles at the beginning of Rosh Hashanah, in accordance with Searles' request.  Searles admitted that he received the honey and grape juice.  See Tr. of Proceedings at 18, lines 5-15.[1]  He

_____

[1]Defendants argue that we can affirm the district court's grant of a directed verdict on the basis that Searles failed to provide the transcript of the proceedings in which Green and Searles testified as to what happened regarding the provision of the items Searles sought.  They argue that, in failing to provide the transcript while challenging the sufficiency of the evidence, Searles has violated 10th Cir. R. 10.1(A)(1)(a).  Defendants further argue that Searles' status as a prisoner provides no excuse from this obligation.  Pursuant to 28 U.S.C. § 753(f) and Fed. R. App. P. 10(b)(1), a plaintiff in a non-criminal, non-habeas proceeding may

(continued...)

ultimately admitted that he received the apple as well, although at 3:00 p.m., some four or four and one-half hours prior to his receipt of the honey and grape juice. See id. at 47.[2] He gives no explanation why he could not have simply held on to the apple until he received the other items necessary for his Rosh Hashanah observance. Thus, this case ultimately boils down to whether the district court erred in directing a verdict for defendants on Searles' claim that the four-hour

---

[1](...continued)
obtain a transcript at the government's expense if: (1) he is permitted to proceed *in forma pauperis*; (2) he moves for a transcript; and (3) he demonstrates that the appeal is not frivolous but, rather, presents a substantial question. In the district court, Searles initially filed a "Motion for Partial Transcript" and a "Motion to Proceed in Forma Pauperis." Searles then filed his appellate brief before this court, without a trial transcript and without waiting for the district court to rule on his motions. The district court subsequently denied both motions on the ground that Searles' financial documents indicated he had a balance of over $1000 in his prison bank account and he did not demonstrate a substantial question for appeal. Searles has not appealed those denials.

While we recognize that Searles has indeed technically failed to comply with our rules in not providing a transcript, the record has been supplemented with the transcript, which ultimately proves unhelpful to Searles' claims.

[2]During recross examination of Searles, the following exchange occurred:

Q. . . . . You are upset because the Department of Corrections did not deliver to you on a tray at a time that you designated all of the items that you considered relevant; isn't that correct?
A. That they did not provide the time that would be appropriate. Yes, I agree with that statement.
Q. You really can't even dispute that you, in fact, got the apples and honey, even if your allegations are true that it only came at 3:00 o'clock. You still cannot say you did not get an apple?
A. Correct.

Tr. of Proceedings at 47, lines 12-21.

difference in his receipt of the apple and the other items violated his First Amendment right to freely exercise his religion. We have reviewed the record, Searles' brief, and defendants' brief, and we affirm the district court's grant of a directed verdict in favor of defendants for substantially the reasons stated in the district court's order dated August 22, 2007.[3]

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge

---

[3]Searles has filed a motion before our court to proceed without prepayment of the appellate filing fee. On November 8, 2007, our court assessed fees, payable in partial payments. We deny Searles' motion to proceed without prepayment of fees, and we order immediate payment of the unpaid balance due.